JACKSON v. 36 BLOCKS OF MARBLE AND 663 BAGS OF MOSAIC CUBES.

Appeal of UNIVERSAL TRANSP. CO., Inc.

(Circuit Court of Appeals, Second Circuit.   February 24, 1920.)

No. 166.

1. **Shipping ⊛⇒27—Pending freight an incident of the ship.**
   Pending freight is considered an incident of the ship, as between buyer and seller.

2. **Shipping ⊛⇒27—Owner taking possession from charterer entitled to pending freight.**
   Where the owner of a ship under charter, with option to purchase in the charterer, during a voyage wrongfully withdrew the ship from the charter, and on arrival at destination took possession and discharged her and charterer, without attempting to regain possession brought suit for breach of contract, the owner *held* entitled, as an incident of the ship, to pending freight, which was not due until delivery of the cargo.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Carl D. Jackson against 36 Blocks of Marble and 663 Bags of Mosaic Cubes, part of the cargo of the steamship Ada; the Universal Transportation Company and Rederiaktiebolaget Amie, claimants.   From an order directing 'payment of freight to the Amie, the Universal Transportation Company appeals.   Affirmed.

Kirlin, Woolsey & Hickox, of New York City (L. De Grove Potter, John M. Woolsey, and Jay T. Cooper, all of New York City, of counsel), for appellant.

Engel Bros., of New York City (J. B. Engel, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge.   A libel was filed by this libelant, trading under the name of C. D. Jackson & Co., against 36 blocks of marble and 663 bags of mosaic cubes, a part of the cargo on the steamship Ada.   The Universal Transportation Company, Incorporated, intervened and filed a claim to the freight money.   The Ada was owned by the Rederiaktiebolaget Amie Company, a Swedish corporation, and on the 10th of December, 1915, was chartered by a written agreement to the appellant, the Universal Transportation Company, Incorporated.   The charterer agreed to pay for hire $165,000 in installments, and the agreement provided for an option of purchase.   The Ada, under this charter, became engaged in the charterer's employ, and the cargo in question was received on February 19, 1916, for transportation from Leghorn, Italy, to New York, at the agreed freight of $1,520. While the cargo was on board, and the Ada was on her voyage to New York, the Rederiaktiebolaget Amie Company gave notice to the Universal Transportation Company, Incorporated, that the Ada was withdrawn from the service of the Universal Transportation Company, Incorporated.   It appears that previous to this the Universal

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Transportation Company, Incorporated, had exercised its option to purchase the Ada and tendered her purchase price. This was refused by the Rederiaktiebolaget Amie Company. It has since been determined that the withdrawal of the vessel from the possession of the Universal Transportation Company, Incorporated, was wrongful. In an action for damages for breach of the contract, a recovery was had by the Amie Company. Rederiaktiebolaget Amie v. Universal Transp. Co., 250 Fed. 400, 162 C. C. A. 470. The freight money, amounting to $1,520, was deposited with the registry of the District Court under an order of May 4, 1916, and the marble and mosaic cubes were released to the libelant. On the 29th of October, 1918, the appellee, Amie Company, moved for payment of the freight money to it, and by an order of the District Court on the 26th of February, 1919, it was ordered and decreed that such moneys be paid to the appellee, the Amie Company. The Universal Transportation Company, Incorporated, feeling aggrieved, has appealed.

[1, 2] Pending freight is considered an incident of the ship. Merchants' Bank Co. v. Cargo of the Afton, 134 Fed. 727, 67 C. C. A. 618; Kimball v. Farmers' & Mechanics' N. Bank, 138 N. Y. 500, 34 N. E. 337, 20 L. R. A. 497. This also is the rule in England. Case against Davidson, 5 M. & S. 79. After the Amie Company, as owner of the vessel, entered into a contract giving the option to the appellant, the Universal Company, for the sale of the ship, the option was exercised and failure to make the sale breached the contract. The purchase price was payable in installments and the purchaser, pending such payment, was entitled to the use of the vessel. If default of any payment was made, the owner, under the contract, had the right of immediately withdrawing the vessel from such service. It is not questioned, but that the Universal Company actually took possession of the vessel and loaded her with cargo, and she was proceeding to the port of New York, when there was a lawful exercise of the option to purchase. It was after this, as this court has found, the Amie Company wrongfully withdrew the vessel from such service. The freight in question was payable at destination under the bill of lading. The ship arrived in New York on April 22, 1916, two weeks after her withdrawal. The Amie Company took possession of her, proceeded to dock and discharge her, and refused to deliver the cargo of marble and cubes in question until the freight was paid. This gave rise to the payment of money in court and the release of the marble and cubes to the libelant.

By the terms of the contract of sale and pending the payment for her, the Universal Company was the conditional vendee. It could exercise the rights of the owner. The Amie Company occupied the position of the original vendor out of possession. It was only after the Amie Company, making the claim that the Universal Company had defaulted in the payment of the purchase price, gave notice of the contract of sale, that the rights of the Universal Company thereunder were ended. The parties then treated the contract as ended. The freight was unearned until unloaded from the vessel or the voyage completed. Miston v. Lord, 17 Fed. Cas. 490, No. 9,655. The parties then pro-

ceeded as if for a breach of contract, resorting to an action at common law for failure to carry out the terms of the contract for the purchase of the ship. The appellant did not endeavor by legal action to regain possession of the ship by means of possessory action, or by an action for specific performance of the contract. By proceeding as it did, it surrendered and abandoned the vessel to the appellee, depending upon its remedy for breach of contract of sale. It thus considered the contract ended by the breach, and we think there was a forfeiture of the right to receive or collect pending freight (The James Martin [D. C.] 88 Fed. 649), since the freight was an incident of the ship.

The appellant has succeeded in its action against the Amie Company, and in that action it could have recovered all the damages which it has sustained, including loss of freight. But, apart from this, we think that the charter party was terminated when the contract was breached, and, indeed, the freight money did not accrue until the voyage was ended. This interpretation is justified by the actions of the parties, both in their conduct in the management of the ship and the legal proceedings instituted thereafter for breach of the contract.

The judgment is affirmed.